IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 22-CR-40007-JPG |
| | ) |
| MICHAEL PIERCE, | ) |
| | ) |
|    Defendant. | ) |

**Motion to Withdraw Plea and Dismiss Indictment**

**1.    Introduction**

On January 22, 2024, another court in this district declared 18 U.S.C. § 922(g)(1) *facially* unconstitutional. *United States v. Taylor*, 23-CR-40001, 2024 WL 245557, at *5 (S.D. Ill. Jan. 22, 2024). Because Mr. Pierce finds the court's order in *Taylor* persuasive, Mr. Pierce requests to withdraw his plea and to dismiss the indictment against him. This motion outlines the standards for withdrawing a plea and then further discusses the substantive basis for finding § 922(g)(1) unconstitutional both facially and as applied.

**2.    Legal standards for withdrawing a plea**

Federal Rule of Criminal Procedure 11 permits a defendant to withdraw a plea of guilty before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While there's no absolute right to withdraw one's guilty plea, the Seventh Circuit has explained that "legal innocence" is one "fair and just reason" for withdrawal. *United*

*States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020); *United States v. Gomez-Orozco*, 188 F.3d 422, 425 (7th Cir. 1999). Indeed, even though evidence may be disputed, there may still be grounds for withdrawal of a plea. *Gomez-Orozco*, 188 F.3d at 427 (Permitting a defendant in an illegal re-entry case to withdraw his plea to present additional evidence that he was, in fact, a U.S. citizen even though government disputed the evidence).

### 3. Mr. Pierce is legally innocent because § 922(g)(1) is unconstitutional both facially and as applied.

#### 3.1. *Bruen* framework

The Second Amendment protects "the right of the people to keep and bear Arms." It also "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Dist. of Columbia v. Heller*, 554 U.S. 570, 592 (2008). In *N.Y. State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court clarified the framework for assessing Second Amendment challenges:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

142 S. Ct. 2111, 2129 (2022). "The government must affirmatively prove" the constitutionality of the firearm restriction by pointing to comparable historical firearms regulations. *Id.* at 2127.

*Bruen* first requires courts to determine whether the text of the Second Amendment applies before the historical burden flips to the government. *See, e.g.*, *Range v. Att'y Gen.*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc) (*citing Bruen*, 142 S.

Ct. at 2134–35). In this case it does. The Second Amendment's plain text covers the conduct proscribed by §922(g)(1). The Supreme Court has repeatedly held that "the people" protected under the Second Amendment includes "all Americans." *See Bruen*, 142 S. Ct. at 2156 ("The Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms"); *Heller*, 554 U.S. at 581 ("[T]he Second Amendment right is exercised individually and belongs to all Americans."); *United States v. Verdugo–Urquidez*, 494 U.S. 259, 265 (1990) ("'[T]he people' protected by the Fourth Amendment, and by the First and Second Amendments . . . refers to a class of persons who are part of a national community . . . .").

In addition, the term "'[k]eep arms' was simply a common way of referring to possessing arms." *Heller*, 554 U.S. at 583. Thus, the Second Amendment's plain text covers the possession of firearms by all Americans, including Mr. Pierce. Accordingly, such conduct is presumptively lawful. Section 922(g)(1) criminalizes this presumptively lawful conduct. This statutory provision makes it an offense for a person "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year" to ever possess a firearm again. Consequently, under *Bruen*, the government must show § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation.

Because the Second Amendment applies to Mr. Pierce and the charged § 922(g)(1) offense, *Bruen* instructs that "the Constitution presumptively protects that conduct" and the government bears the burden of rebutting that presumption. 142 S. Ct. at 2126.

History does not support a permanent ban applying to all felons. Although people faced felony convictions when the Second Amendment was ratified in 1791, it is not enough that the government show § 922(g)(1) addresses a "general societal problem that has persisted since the 18th century." *Bruen*, 142 S. Ct. at 2131. When laws address a "longstanding" problem like that, *Id.* at 2133, the Supreme Court clarified that the historical inquiry is demanding: "the lack of a *distinctly similar* historical regulation addressing that problem is relevant evidence that the challenged regulation is *inconsistent* with the Second Amendment." *Id.* at 2131 (emphasis added). If "the Founders themselves could have adopted" a particular regulation "to confront [the longstanding] problem" but did not do so, then the law today is unconstitutional. *Id.* Additionally, there is no historical tradition from the Founders of *permanently* disarming felons. Accordingly, Mr. Pierce contends the government cannot meet its burden under *Bruen* to show that there were "distinctly similar" laws in our Nation's history.

### 3.2. The *Taylor* order

In *United States v. Taylor*, the defendant lodged an as-applied challenge to § 922(g)(1). Deft. Mtn to Dismiss Indictment at 1, No. 23-CR-40001 (S.D. Ill. Sept. 6, 2023) (Doc. 27). The district court reviewed *Bruen*, its framework, and how district courts in this state and elsewhere have viewed § 922(g)(1). *Taylor*, 2024 WL 245557, at *3. The court noted that the Seventh Circuit has not determined the constitutionality of § 922(g)(1), but instead has remanded for further briefing on the topic. *See Atkinson v. Garland*, 70 F.4th 1018, 1022-24 (7th Cir. 2023). The court also noted a circuit split on § 922(g)(1)'s constitutionality. *Taylor*, at *2.

In finding § 922(g)(1) unconstitutional both facially and as-applied, *id.,* at *5, the court rejected the government's arguments of possible historically analogous laws disarming Americans based on race and ethnicity. The court noted, "[l]aws reflecting the English tradition of categorically disarming religious, ethnic, and racial minorities are <u>not</u> relevantly similar and historically analogous to § 922(g)(1)." *Id.* (emphasis added). Further, even though other cited laws may be more analogous, the government still did not meet burden of justifying lifetime disarmament. *Id.*

Mr. Pierce finds the court's reasoning and holding in *Taylor* persuasive and asks this court to find § 922(g)(1) unconstitutional, both facially and as applied.

**4.    Conclusion**

For the reasons above, Mr. Pierce requests to withdraw his guilty plea and to dismiss the indictment against him.

Respectfully submitted,

/s/ Ankoor D. Shah
Ankoor D. Shah
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the U.S. Attorney's Office and counsel of record.

/s/ Ankoor D. Shah
Assistant Federal Public Defender